[Cite as *State v. Gebrosky*, 2020-Ohio-6976.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-19-1291

      Appellee                              Trial Court No. CR0201902598

v.

John Gebrosky                              **DECISION AND JUDGMENT**

      Appellant                              Decided:  December 30, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Padraic A. McClure, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, John Gebrosky, appeals the judgment of the Lucas County Court

of Common Pleas, following a jury trial, convicting him of one count of violating a

protection order, and sentencing him to a prison term of 12 months.  For the reasons that

follow, we affirm.

## I.  Facts and Procedural Background

{¶ 2} On September 9, 2019, the Lucas County Grand Jury indicted appellant on one count of violating a protection order in violation of R.C. 2919.27(A)(1) and (B)(3), a felony of the fifth degree.  The matter proceeded to a jury trial on November 12, 2019.[1]

{¶ 3} The testimony and evidence from the trial reveal that appellant had previously been in a relationship with An.D., and that they had two children together, ages seven and three.  After the relationship ended, on June 14, 2019, the Lucas County Court of Common Pleas, Domestic Relations Division, entered a civil protection order, which, among other things, ordered appellant to

> stay away from [An.D.] * * * and not be present within 500 feet wherever protected persons may be found, or any place [appellant] knows or should know the protected persons are likely to be, even with [An.D.]'s permission.  If [appellant] accidentally comes in contact with protected persons in any public or private place, [appellant] must depart *immediately*.  This Order includes encounters on public and private roads, highways, and thoroughfares.

(Emphasis sic.)

---

[1] The case was tried with a related case in which appellant was indicted on one count of burglary, a felony of the second degree.  Because the jury acquitted appellant in the related case, we will limit our discussion to the facts concerning the count of violation of a protection order.

2.

{¶ 4} On August 10, 2019, An.D. had dropped the children off with appellant's mother pursuant to their visitation schedule. An.D. then went with her sister to a local bar. An.D. testified that around 12:30 or 1:00 in the morning, appellant approached her in the alley behind the bar. Appellant was driving in a van with the children. An.D. testified that appellant got as close as five feet from her, but that he never got out of the van. An.D. stated that while she did not personally see him through the windshield, she could hear his voice.

{¶ 5} An.D.'s younger sister, Al.D. testified that they were just getting out of the car to go into the bar when appellant approached them in the alley. According to Al.D., appellant stated that the kids were crying and wanted to go with An.D. When Al.D. looked in the back of the van, however, the children appeared calm, if not confused. Al.D. interpreted the situation as appellant was trying to give the kids back to An.D. at 1:00 in the morning. Al.D. told appellant that he had to leave because she and An.D. had been out drinking and could not take the children at that time. Appellant then left, and Al.D. and An.D. continued with their night.

{¶ 6} In addition to the above testimony, the state presented evidence that appellant had two prior convictions for violating a civil protection order, one on July 5, 2019, out of the Oregon Municipal Court, and the other on August 1, 2019, out of the Toledo Municipal Court.

{¶ 7} The state then rested. Thereafter, appellant made a Crim.R. 29 motion for acquittal, which the trial court denied.

{¶ 8} Appellant then testified in his own defense. Appellant testified that on August 10, 2019, he had the children, and had spent a good day with them. Around 10:00 at night, however, his younger child became anxious and was missing her mother. Appellant then decided to take the children out for ice cream at McDonald's at around 10:30 or 11:00 at night. Appellant testified that as he was driving to McDonald's, he saw An.D., Al.D., and An.D.'s boyfriend out in front of a bar. According to appellant, An.D. saw and recognized his van. Appellant testified that he continued driving to McDonald's, and then went back home. He stated that he did not have any confrontation with An.D. or Al.D. that evening.

{¶ 9} After his testimony, appellant rested and the matter was submitted to the jury. The jury returned with a verdict of guilty as to the count of violating a protection order.

{¶ 10} At sentencing, the trial court sentenced appellant to a 12-month prison term.

## II. Assignment of Error

{¶ 11} Appellant has timely appealed his judgment of conviction, and now asserts one assignment of error for our review:

1. Appellant's conviction for violating a protection order was based on insufficient evidence, and/or was against the manifest weight of the evidence.

4.

### III. Analysis

{¶ 12} In his assignment of error, appellant argues both that his conviction is based on insufficient evidence and that it is against the manifest weight of the evidence. Sufficiency of the evidence and manifest weight of the evidence are quantitatively and qualitatively different legal concepts. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 13} In reviewing a record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 14} In contrast, a claim that a jury verdict is against the manifest weight of the evidence requires an appellate court to act as a "thirteenth juror." *Thompkins* at 387. In so doing, the appellate court,

> reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should

be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.

*Id.*

{¶ 15} Here, appellant was convicted of violating a civil protection order in violation of R.C. 2919.27(A)(1), which provides, "No person shall recklessly violate the terms of any of the following: (1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code." "Violating a protection order is a felony of the fifth degree if the offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for any of the following: (a) A violation of a protection order issued or consent agreement approved pursuant to section 2151.34, 2903.213, 2903.214, 2919.26, or 3113.31 of the Revised Code." R.C. 2919.27(B)(3).

{¶ 16} Appellant argues that it is disputed whether he even made contact with An.D. on the night of August 10, 2019, because he testified that he simply saw An.D. as he was driving past on his way to McDonalds. Further, even if he was in the alley, he argues that he still did not make contact with An.D. because he did not exit the car, call out to An.D., or make any other affirmative attempt to contact An.D. or Al.D. Instead, he drove away without speaking to An.D. Upon review, we do not find appellant's arguments persuasive.

{¶ 17} As to the sufficiency of the evidence, the testimony of An.D. and Al.D., when viewed in a light most favorable to the prosecution, establish that appellant

6.

approached them in the alleyway behind a bar in the early hours of the morning, and thus violated the order to stay 500 feet away from An.D. While appellant did not speak to An.D., he approached her for the purpose of giving the children back to her, revealing that his actions were purposeful, not accidental. In so doing, appellant satisfied the element of recklessness required for a violation of R.C. 2919.27(A)(1). *See* R.C. 2901.22(E) ("When recklessness suffices to establish an element of an offense, then knowledge or purpose is also sufficient culpability for such element."). Therefore, we hold that appellant's conviction for violating a protection order is not based on insufficient evidence.

{¶ 18} As to the manifest weight of the evidence, we do not find that the jury clearly lost its way and created a manifest miscarriage of justice. The jury determined that An.D. and Al.D.'s testimony that appellant approached them in the early morning hours in the alley of a bar, for the supposed purpose of returning the children to An.D., was more credible than appellant's testimony that he had no contact with An.D. Sitting as the thirteenth juror, we agree. We do not find appellant's testimony believable that he drove a seven year old and a three year old to McDonald's for ice cream at 11:00 at night, while still being sure to mention that he happened to notice An.D., Al.D., and An.D.'s boyfriend standing in front of a bar as he drove by, and further noting that An.D. saw and recognized his van as he drove by. This is not the exceptional case where the evidence weighs heavily against the conviction. To the contrary, the evidence in this case weighs

7.

in favor of conviction. Therefore, we hold that appellant's conviction is not against the manifest weight of the evidence.

{¶ 19} Accordingly, appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 20} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.